UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| BRAD J. MONTAGNE & TERI L. MONTAGNE, | Civil No. 10-CV-4515 (JNE/LIB) |
| Plaintiffs, | |
| v. | **REPORT AND RECOMMENDATION** |
| RICHARD A. WALLIN & R.A. MITCHELL, | |
| Defendants. | |

---

This matter came before the undersigned United States Magistrate Judge upon the Motion of the Defendants, Richard A. Wallin & R.A. Mitchell, to Dismiss Plaintiffs' Complaint. A hearing on the Motion was conducted on February 3, 2010. The case has been referred to the Magistrate Judge for report and recommendation under 28 U.S.C. § 636(b)(1). For reasons outlined below, the Court recommends that the Defendants' Motion to Dismiss be GRANTED.

**I.    BACKGROUND**

Plaintiffs filed this complaint against Defendants Richard A. Wallin and R.A. Mitchell alleging various improprieties with Defendants' attempt to collect taxes from the Plaintiffs. Defendants are employees of the Internal Revenue Service ("IRS"). On April 26, 2010, the IRS sent Plaintiffs a Notice of Intent to Levy for taxes owed from the 1996 tax year. (Exhibits [Docket No. 5], Ex. 3). Subsequently, the IRS placed a lien against Plaintiffs' property in Pine County, Minnesota on August 24, 2010. (Id.) On September 9, 2010, the IRS sent Plaintiffs a "Notice of Federal Tax Lien and Your Right to a Hearing Under IRC 6320" setting forth

available administrative remedies for Plaintiffs to appeal the decision.  (Id.)   Thereafter, Plaintiff filed an action in Minnesota State Court challenging the IRS' actions which Defendants removed to this Court.  (Notice of Removal [Docket No. 1]).

Plaintiffs' complaint makes a number of allegations regarding the insufficiency of Defendants' actions in attempting to collect Plaintiffs' taxes.   Plaintiffs assert that Defendants had a duty to know the law regulating Notices of Lien and should have known that the Certificate of Assessment lacked a proper form number, OMB number, signature, date and Treasury Delegation Order rendering it invalid.  (Complaint [Docket No. 1], ¶ 6).  In addition, Plaintiffs contend that there was no valid Notice and Demand as "clarified in the assessment record, postal record and IMF record that is a mandated prerequisite for filing a lien as clarified in the law."  (Id.)  Furthermore, Plaintiffs contend that the Notice of Lien did not conform to the Privacy Act, Federal Tax Lien Act of 1966 and Uniform Commercial Code.  (Complaint, ¶ 7). Additionally, Plaintiffs assert that the Defendants' attempts to collect Plaintiffs' tax liabilities were invalid because Plaintiffs' discharged the debts on November 28, 2008 by providing the IRS with a Promissory Note for their late tax payments.  (Complaint, ¶¶ 8-10).  Finally, Plaintiffs assert that Defendants' actions constituted a sham legal process and were undertaken in malicious retaliation for Plaintiffs' filing suit against Defendants' co-workers. (Complaint, ¶¶ 11-12).

Even though Plaintiffs make a number of allegations in their Complaint, the Court reads the Complaint to assert only two actual causes of actions against Defendants.  The Court interprets the Complaint in such a way because the Plaintiff only alleges two counts.  While the complaint includes a number of Defendants' alleged wrongdoings, the Plaintiffs list Count 1 (Trespass) and Count 2 (Trespass on the Case/Negligence) as specific violations.  (See generally

Complaint ¶¶ 23).[1]   As to remedies, Plaintiffs seek removal of liens, the removal of the levy, general damages up to $1,000,000, $1,000,000 for 4,000 hours of legal research, for interest, replevin, and treble damages for malice. (Complaint, ¶¶ 33-41).

In response to Plaintiffs' Complaint, Defendants filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 12(b)(5) for lack of subject matter jurisdiction, for failure to state a claim upon which relief can be granted, and for insufficient service of process.  The Court considers Defendants' Motion to Dismiss below.

## II.   DISCUSSION

### A.   STANDARD OF REVIEW

The pleadings of pro se parties "[are] to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nonetheless, "[a]lthough a court will read a pro se plaintiff's complaint liberally, a pro se complaint, [no less than any other

---

[1] Furthermore, the Court notes that even if Plaintiffs were attempting to assert that Defendants have violated certain statutory or constitutional provisions, Plaintiffs have not pointed to any specific statute which grants the Court jurisdiction to hear such claims.  While the Plaintiffs have attached memorandums of law to their complaint which cite some statutory support for their arguments, Plaintiffs' arguments are "reminiscent of tax-protester rhetoric that has been universally rejected by this and other courts." Williams v. Comm'r, 114 T.C. 136, 138-39 (U.S. Tax Ct. 2000) As such, the Court will not painstakingly address each of Plaintiffs' claims "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Comm'r, 737 F.2d 1417, 1417 (5th Cir. 1984).  In addition, for the sake of completeness, the Court observes that any remaining claims Plaintiffs attempt to assert that are not subject to dismissal for lack of subject matter jurisdiction could be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  Courts take all well-pleaded allegations as true and make all reasonable inferences in the light most favorable to the nonmoving party. St. Croix Waterway Ass'n v. Meyer, 178 F.3d 515, 519 (8th Cir. 1999).  A plaintiff cannot rely on mere general and conclusory allegations to survive the motion to dismiss. Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In addition, the complaint must contain a claim that is plausible on its face. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  A claim is facially plausible when it is supported by facts which allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id.  Here, Plaintiffs' vague allegations that Defendants violated a variety of federal statutes and the UCC in their complaint do not state a "claim to relief that's plausible on its face" and would be dismissed under Rule 12(b)(6). Twombly, 550 U.S. at 570.

3

complaint], must present a claim on which the Court can grant relief." Chandler v. Rocheu, 215 F.Supp.2d 166, 168 (D. D.C. 2002) (citing McNeil v. United States, 508 U.S. 106, 113 (1993)).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges subject matter jurisdiction. The rule requires the Court to examine whether it has authority to decide the claims in the complaint. Uland v. City of Winsted, 570 F.Supp.2d 1114, 1117 (D. Minn. 2008). The Plaintiff has the burden of proving that subject matter jurisdiction exists by a preponderance of the evidence. V S Ltd. P'ship v. Dep't of Housing and Urban Dev., 235 F.3d 1109, 1112 (8th Cir. 2000).

### B.     LEGAL ANALYSIS

#### 1.     The United States is the Proper Defendant

Defendants first argue that the IRS employees Mitchell and Wallin are not the proper parties to this suit because they are being sued in their official capacities making the United States the proper party to provide relief. (Def.'s Mem. in Supp. of Mot. to Dismiss [Docket No. 8], p. 3).[2]

Lawsuits against an agency of the United States or against an officer of the United States in his or her official capacity are considered an action against the United States. See Kentucky v. Graham, 473 U.S. 159, 166 (1985) (suits against public officials acting in their official capacities should be treated as suits against the public entity). "When an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States." Atkinson v. O'Neill, 867 F.2d 589, 590 (10th Cir. 1989).

---

[2] In support of their motion, Defendants argue that the Plaintiffs' claims should be dismissed because the Plaintiffs failed to properly serve their complaint upon the Defendants. A decision in favor of the Defendants on this issue would dispose of the case without requiring the Court to reach the merits. However, the Defendants waived this defense on the record during the hearing on this motion. As such, the Court will not consider Defendants' argument regarding whether service was improper.

In the present case, Plaintiffs sue the Defendants for actions they undertook in collecting taxes on behalf of their employer, the IRS. Thus, Defendants acted in the scope of their official duties. In addition, Plaintiffs' request relief which only the IRS can provide including the removal of the levy and the removal of the lien against their property. See Essex v. Vinal, 499 F.2d 226, 229 (8th Cir. 1974) ("This is not a suit to recover damages for an agent's personal actions, rather it requests the return of monies deposited in the United States Treasury," and "the relief sought is, in fact, relief against the United States for alleged wrongs committed by its subordinate officials and as such is barred, absent an effective waiver.") Therefore, the Court considers this case one which should and must properly be against the United States rather than against Defendants Wallin and Mitchell individually.

### 2. Subject Matter Jurisdiction

Since the United States is the proper Defendant in this case, Defendants argue that the claim must be dismissed for lack of subject matter jurisdiction. Specifically, Defendants argue that sovereign immunity bars this suit. Even though Defendants properly removed this action to federal court under 28 U.S.C. § 1442(a)(1), Plaintiffs must still establish that the Court has subject matter jurisdiction over this action. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); 28 U.S.C. § 1442(a)(1). In their response brief, Plaintiffs make no attempt to argue that this Court has jurisdiction, but instead argue almost exclusively that the Assistant United States Attorney for this case has no authority to represent the IRS. Since this Court already discussed Plaintiffs' allegations in its Order Denying Plaintiffs' Motion to Quash, the Court proceeds to the merits of Defendant's sovereign immunity argument.

The United States may not be sued without its consent, and the terms of that consent must be "unequivocally expressed." United States v. Mitchell, 445 U.S. 535, 538 (1980). Sovereign

immunity extends to agents and officers of the United States to the extent they are sued in their official capacities. Spalding v. Vilas, 161 U.S. 483, 498 (1896).

Thus, Plaintiffs must point to some statute waiving sovereign immunity for the type of suit which they now allege. Plaintiffs have not pointed to any such statute. In addition, Plaintiffs have not referred the Court to any statutory or case law authority which would allow them to maintain an action against the United States. However, because of the pro se nature of these litigants, the Court finds it appropriate to address possible statutory provisions that could provide the Court with jurisdiction.

To the extent that Plaintiffs may rely upon the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 2671 et. seq. to bring their tort-based trespass and trespass on the case claims, Plaintiff's reliance is misplaced. The FTCA is a limited waiver of the United States' sovereign immunity for injuries "caused by negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." United States v. Orleans, 425 U.S. 807, 813 (1976). Section 2680(c) of the FTCA specifically exempts a claim for relief arising from the assessment and collection of taxes from its waiver of sovereign immunity. Therefore, the FTCA cannot serve as Plaintiffs' basis for subject matter jurisdiction.

Since the FTCA does not waive sovereign immunity for Plaintiffs' claims, the Plaintiffs might be attempting rely on provisions within the Internal Revenue Code.

First, 26 U.S.C. § 7622 allows taxpayers to bring a refund action if they believe that the IRS has incorrectly assessed a tax liability against them. However, section 7622 provides:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary [of the Treasury], according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a). The statutory language constitutes a "sweeping and direct" indication that for claims under § 7422 "there is no federal jurisdiction prior to exhaustion." Falck v. Internal Revenue Serv., 2007 WL 1723675 at *3 (D. D.C. Jun. 14, 2007). In this case, Plaintiffs have not alleged that they sought a refund or that they have paid their taxes to begin with.[3] In addition, Plaintiffs cannot avail themselves of this statute because the taxpayer must file an administrative claim preceding the lawsuit, which Plaintiffs have not done here. 26 U.S.C. § 7422(a). Thus, even if Plaintiffs asserted that sovereign immunity could be waived under 26 U.S.C. § 7422 in this case, their argument would fail.

Second, 26 U.S.C. § 7426 allows a person to bring an action attacking a levy on property. Like 26 U.S.C. § 7622, this section does not apply to Plaintiffs because it allows any person **except the person against whom is assessed the tax out of which the levy arose** to bring the claim. 26 U.S.C . § 7426; Farnsworth v. Falink, 1993 WL 557853 at *2 (D. Minn. Sep. 23, 1993)(citing Pothen v. C.D. Switzer, 3-91-821 Order (June 23, 1992)). The statute only provides a remedy for third parties, not taxpayers themselves. Id. Thus, Plaintiffs, as the persons against whom the tax is assessed, cannot use 26 U.S.C. § 7426 as a vehicle for their claims.

Third, 26 U.S.C. § 7433 allows taxpayers to bring an action for the intentional or reckless violation of any provision of the tax laws "in connection with any collection of Federal tax . . . ."

---

[3] Here, Plaintiffs allege that they have paid their delinquent taxes because they provided the IRS with a promissory note. However, the Plaintiffs provide no authority, nor is the Court aware of any authority, for the proposition that a promissory note can properly serve as payment for taxes. In fact, IRS regulations explicitly allow payment through check, credit card, debit card and certain Treasury instruments. 26 C.F.R. §§ 301.6311-1, 301.6311-2, 301.6312-1, 301.6312-2. Plaintiffs themselves admitted at the hearing on this Motion that they unilaterally decided to pay taxes through a promissory note that was not requested by the IRS or negotiated by the IRS. In addition, throughout their various memorandum and filings, Plaintiffs continually rely upon the Uniform Commercial Code. However, whether Plaintiffs contend that the UCC allows them to pay taxes with a promissory note, the Court is unsure. Considering Plaintiffs' many incomprehensible and frivolous tax protester arguments, the Court "perceives no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Comm'r, 737 F.2d 1417 (5th Cir. 1984). However, the Court "flatly states that the Uniform Commercial Code does not govern the power of [Defendants] to administer the Federal income taxation system with respect to [Plaintiffs]." Hunt v. C.I.R., T.C. Memo. 1990-335, 1990 WL 90951 (July 3, 1990). Thus, the Court finds no merit to Plaintiffs' contention that their taxes were paid.

However, in order for this statute to apply, the Plaintiffs must first exhaust administrative remedies, see 26 U.S.C. § 7433 (d), by filing a written administrative claim with "the district director . . . of the district in which the taxpayer currently resides." 26 C.F.R. § 301.7433-1(e)(1); see also, Tempelman v. Beasley, 43 F.3d 1456 at *2 (1st Cir. 1994); Conforte v. United States, 979 F.2d 1375, 1377 (9th Cir. 1992). Here, Plaintiffs have not attempted to avail themselves of the administrative process to resolve their claims. As such, 26 U.S.C. § 7433 does not provide a waiver of sovereign immunity as to Plaintiffs' claims.[4]

Fourth, 26 U.S.C. § 7432 allows a plaintiff to bring claims against the IRS if an "officer or employee of the Internal Revenue Service knowingly, or by reason of negligence, fails to release a lien under section 6325 on property of the taxpayer." Section 6325 further states:

> **(a) Release of lien.**-Subject to such regulations as the Secretary may prescribe, the Secretary shall issue a certificate of release of any lien imposed with respect to any internal revenue tax not later than 30 days after the day on which-
>
> > **(1) Liability satisfied or unenforceable.**- *The Secretary finds that the liability for the amount assessed, together with all interest in respect thereof, has been fully satisfied or has become legally unenforceable;* or
> >
> > **(2) Bond accepted.**-There is furnished to the Secretary and accepted by him a bond that is conditioned upon the payment of the amount assessed, together with all interest in respect thereof, within the time prescribed by law (including any extension of such time), and that is in accordance with such requirements relating to terms, conditions, and form of the bond and sureties thereon, as may be specified by such regulations.

(emphasis added). This section does not apply to Plaintiffs' allegations because Plaintiffs have not claimed that they have properly satisfied their income tax liability or that the lien is legally unenforceable. 26 U.S.C. § 6325; Ishler v. Comm'r, 442 F.Supp.2d 1189, 1205 (N.D. Ala. 2006);

---

[4] Some courts find that the failure to exhaust administrative remedies does not deprive the court of jurisdiction. Compare Zinda v. Johnson, 463 F.Supp. 2d 45, 50-51 (D. D.C. 2006) (finding that the exhaustion requirement is not jurisdictional) with Venen v. United States, 38 F.3d 100, 103 (3rd Cir. 1994) ("[F]ailure to comply [with the 301.7433-1(e) procedures] deprives a court of jurisdiction"). However, in such cases, courts may alternatively dismiss the claim under Rule 12(b)(6) for the failure to state a claim upon which relief can be granted. Id. Therefore, the Court finds that even if the exhaustion requirement of § 7433 is not jurisdictional, dismissal of Plaintiffs' claims under Rule 12(b)(6) would still be proper.

United States v. Willis, 2001 WL 260049 at *3 (N.D. Ind. Jan. 24, 2001). In addition, subsection (d) limits the scope of relief by first requiring plaintiffs to exhaust administrative remedies before bringing an action in court. 26 U.S.C. § 7432(d). After reading Plaintiffs' Complaint and other submissions, they have not alleged, nor does the record reflect, that they have exhausted their administrative remedies.

For the foregoing reasons, the Internal Revenue Code does not provide Plaintiffs with jurisdiction for their causes of action.

Additionally, the Anti-Injunction Act ("AIA") deprives the Plaintiffs of any basis to seek injunctive relief in their present action against the United States. Plaintiffs are specifically precluded under the AIA from receiving injunctive relief including their requests for the removal of liens and levies. The AIA provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). "The object of § 7421(a) is to withdraw jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes." Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 5 (1962). In addition, the AIA permits "the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund. In this manner the United States is assured of prompt collection of its lawful revenue." Id. at 7. Since the language of the AIA "could scarcely be more explicit," the Court lacks jurisdiction to consider Plaintiffs' attempt to prevent the IRS from collecting their taxes through liens or levies.[5] Bob Jones Univ. v. Simon,

---

[5] However, the AIA does provide three limited exceptions to the general rule against judicial interference in the collection of taxes. First, a suit may be brought in the tax court for a redetermination of a deficiency pursuant to 26 U.S.C. § 6212(a) and § 6213(a). Second, a suit may be brought under §6213(b)(1) to enjoin a wrongful levy. However, the second exception applies only to actions brought by **nontaxpayers** to enjoin a sale or levy where their

416 U.S. 725, 736 (1974). While the AIA includes a number of statutory exceptions, the Court does not find any exception applicable here and Plaintiffs do not attempt to assert one.

Because the Court lacks subject matter jurisdiction over Plaintiffs' claims, the Court recommends dismissal of the Complaint.

## IV. CONCLUSION

**IT IS HEREBY RECOMMENDED THAT:**

Defendant's Motion to Dismiss [Docket No. 6] be GRANTED.

Dated: February 11, 2011

s/ 
Leo I. Brisbois
U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by February 25, 2011**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.

---

interests are superior to those of the sovereign. 26 U.S.C. § 7426(b)(1). Finally, the Eleventh Circuit stated that an additional exception exists when a plaintiff demonstrates that "(1) under no circumstances could the government ultimately prevail on its tax claim and (2) equity jurisdiction otherwise exists; either ground being conclusive." Mathes v. United States, 901 F.2d 1031, 133 (11th Cir. 1990). Plaintiffs have not met any of these exceptions.