UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Brad J. Montagne and Teri L. Montagne,

    Plaintiffs,

v.                                                    Civil No. 10-4515 (JNE/LIB)
                                                                ORDER

Richard A. Wallin and R.A. Mitchell,

    Defendants.

Asserting claims typical of tax protesters, Plaintiffs brought this action in state court against employees of the Internal Revenue Service. The action was removed to federal court. On March 10, 2011, a judgment of dismissal was docketed. Since the entry of judgment, Plaintiffs have filed a "Judgment Notice" [Docket No. 43]; a "Writ of Error Quae Coram Nobus Residant" [Docket No. 44]; a "Demur to Defendants' Response for Reconsideration of Judgment" [Docket No. 47]; and a "Writ of Mandamus" [Docket No. 48]. The Court denies the relief requested by Plaintiffs.

Plaintiffs' post-judgment submissions are submitted under the name of Brad J. Montagne, "Attornatus Privatus," as well as that of Teri L. Montagne. His use of "Attornatus Privatus" suggests that he is attempting to speak not only for himself but also for Teri Montagne, who simply signed the post-judgment submissions. Because Brad Montagne is not admitted to practice law, his submissions apply only to his own claims. Brad Montagne does appear *in propria persona*, acting as his own lawyer, as does Teri Montagne. The Montagnes are, in other words, pro se.

Whenever possible to do so, the Court attempts to discern the meaning of pro se submissions and construes pro se memoranda in a way that makes sense. The post-judgment submissions in this case, however, resist that generous treatment.

1

Turning first to the "Writ of Error Quae Coram Nobus Residant," the Court cannot understand what relief is requested.  The Magna Carta is a magnificent document, but neither it nor Plaintiffs' other citations supply a rule that would support any relief here.  According to the "Writ," magistrates in this case "usurp[ed] the position of Tribunal under the color of law."  It appears that Plaintiffs consider themselves to be the proper court to hear their own claims.  The "Writ" winds to a close by "impeach[ing] and rescind[ing]" the order for dismissal and judgment, inviting "the magistrate, plaintiff, and defendants . . . to file and serve on all other interested parties and magistrate a brief no later than March 27, 2011 to show cause to this court why this order should not take effect or should be modified," and asserting that "[t]he court, mindful of the rights of the parties and the importance of fair play, will liberally construe the written arguments presented."  The words "THE COURT" and "WITNESS: the SEAL of the COURT this 16th day of March, 2011" immediately follow, under which appear the Montagnes' signatures and the image of a seal.  Perhaps the Montagnes intended the "Writ" to supplement the "Judgment Notice" that they filed on the same day.  The Court now turns to the "Judgment Notice."

The "Judgment Notice" appears to be a request for reconsideration of the order of dismissal.  It refers to "FRCP Rule 59(e)" and "MNRCP Rule 52.02."  The United States has submitted a reasoned and persuasive response to which the Montagnes submitted a "Demur to Defendants' Response for Reconsideration of Judgment."  Because nothing new that would warrant any relief is brought forward in the request for reconsideration, the request is denied.

Finally, the "Writ of Mandamus," to the extent it seeks relief, is denied.  The document purports to be an actual writ of mandamus—not a request for a writ but an actual writ issued by Plaintiffs themselves (though there is blank line for a signature of a "Magistrate" next to the

Montagnes' signatures and a seal).  Not only does the submission assert that the order of dismissal was an "attempt[] to invoke an inferior jurisdiction of a Nisi Prius court, the order being void ab initio," but it threatens to hold the Clerk of Court and members of his staff in contempt.  It contains a seal that bears the name "Bradford John Montagne," a 1958 date, and the words "Republic Hence Sovereign."  No relief is granted pursuant to this "Writ."  If it is a motion, it is denied.

Plaintiffs have had a hearing and the opportunity to submit briefs; they have had their day in court with respect to the claims against the United States as set forth in the Complaint.  This Court will not entertain *argumentum ad infinitum* on these matters.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Plaintiffs' requests for post-judgment relief [Docket Nos. 43, 44, 47 & 48], to the extent Plaintiffs seek it, are DENIED.

Dated:  April 26, 2011

                  s/  Joan N. Ericksen
                  JOAN N. ERICKSEN
                  United States District Judge